■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT COWIE, Appellant.—Judgment unanimously reversed on the law, and new trial granted. Memorandum: The court erred in declining defendant's request for a charge on agency.

Whether defendant acted as an agent of the buyer or as a seller in the drug transaction is a "factual question for the jury to resolve" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). As "long as there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer, [or the] determination of the existence of an agency relationship should be submitted to the jury with appropriate instructions" *(People v Roche,* 45 NY2d 78, 86). Defendant did not suggest the purchase nor press for it. The informant pursued their relationship and initiated the conversations about drugs. There is no proof that defendant received a benefit as a result of the transaction. Moreover, the evidence could support the conclusion that defendant's motivation for procuring and selling a small amount of cocaine was the friendship that existed between defendant and the informant. (Appeal from judgment of Livingston County Court, Cicoria, J.—criminal sale of controlled substance, third degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.